

# UNITED STATES DISTRICT COURT

**FILED**

JUL 22 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

for the

Eastern District of California

| In the Matter of the Search of | ) | |
|---|---|---|
| | ) | |
| USPS Priority Mail Parcel 9505 5105 4603 9162 2908 | ) | Case No.    2:19 - SW 0 6 5 4 - ___ AC |
| 31, addressed to "Preston Roy, 7520 Skelton Way, | ) | |
| SAC, CA 95822" | ) | |
| | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1); | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. Section 843(b); | Illegal use of the mails in furtherance of narcotic trafficking; and |
| 21 U.S.C. Section 846 | Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jessica Burger, US Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___6/19/19___

_____
*Judge's signature*

City and state:   Sacramento, California

Allison Claire, U.S. Magistrate Judge

## Affidavit of Postal Inspector Jessica R. Burger

I, Jessica R. Burger, being duly sworn, hereby depose and state:

### Purpose

1.   This Affidavit is made in support of a search warrant for the following USPS Priority Mail Parcel:

     a.   USPS Priority Mail Parcel 9505 5105 4603 9162 2908 31, addressed to "Preston Roy, 7520 Skelton Way, SAC, CA 95822" ("**THE PARCEL**").

2.   **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

3.   Based on the information provided in this affidavit, I believe there is probable cause to believe that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a) (1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

### Agent Background

4.   I have been a Postal Inspector since January 2013. I am currently assigned to the Sacramento Domicile, San Francisco Division, of the United States Postal Inspection Service. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of controlled substances, through the United States Mail.

5.   I attended the United States Postal Inspection Service Basic Inspector Training in Potomac, Maryland. I also completed a forty hour Prohibited Mailings Narcotics training with the United States Postal Inspection Service. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, and money laundering techniques and schemes.

1

6.     I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances.  During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations. I have written search warrants related to parcel interdiction efforts.

7.     I am a "Federal law enforcement officer" within the meaning of Rule 41(a) (2) (C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

8.     The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### Statement of Probable Cause

### A.     Parcel Identification

9.     On June 14, 2019 members of the Sacramento, California U.S. Postal Inspection Service NECI Task Force conducted a review of USPS Priority Mail parcels.  **THE PARCEL** was identified for further investigation. **THE PARCEL**, which originated in Houston, TX was destined for Sacramento, CA.   Based on my training and experience, I am aware and I submit the state of California, including the city of Sacramento, CA, is a source for illegal narcotics shipments; that the state of Texas is a destination for illegal narcotics shipments from Northern California; and that proceeds from these illegal narcotic shipments are often mailed back to the state of California.

10.    Law enforcement observed several additional anomalies that their training and experience have shown are characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking.  Specifically, **THE PARCEL** was sent via Priority Mail with an associated tracking number.  Tracking numbers allow the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery.

11.    USPS records confirmed the transaction for **THE PARCEL** was completed in cash. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and narcotics proceeds through the US Mail often pay in cash to remain anonymous to law enforcement.

12.   **THE PARCEL** was observed to be heavily taped around all seams. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and narcotics proceeds through the US mail often use heavy tape as to eliminate any odor from emanating out of the box.

13.   The return address on **THE PARCEL** was listed as being sent from "Elite Janitorial SVC, 5700 NW Central Dr. Ste 400, Houston, TX 77092." A search was conducted on the address using open source internet searches, as well as Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government agencies to verify names and addresses. The search showed the address to be a valid address, but the company name, Elite Janitorial Services, did not associated to the address. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US mail often provide fictitious and/or incomplete names and/or addresses as a way to remain anonymous to law enforcement.

14.   A search for the intended recipient address for **THE PARCEL**, "Preston Roy, 7520 Skelton Way, SAC, CA 95822," was also conducted using Thomson Reuters CLEAR. The search showed the address to be a good address but the name Preston Roy did not associate to the address; however, the name Anthony Roy did associate to the address.

**B.**   **Narcotic Detection Canine Sniff**

15.   On June 14, 2019, Task Force Officer ("TFO") James Ross used his narcotic-detection trained canine "Drogo" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located at the Royal Oaks Post Office, located in Sacramento, CA. Prior to conducting the sniff of **THE PARCEL**, the area where Drogo was to conduct the test was proofed by TFO Ross. Drogo did not give a positive alert to the presence of an odor of narcotics in the area.

16.   **THE PARCEL** was then placed among other office equipment and parcels. At approximately 10:14 a.m., TFO Ross and Drogo conducted a search of the area and Drogo positively alerted to the presence of a narcotic odor emanating from **THE PARCEL**.

17.   TFO James Ross has been a full-time sworn peace officer in the State of California since 1998 and is employed by the Placer County District Attorney's Office as a District Attorney Investigator. TFO Ross has approximately ten years of experience

3

in investigating drug trafficking organizations responsible for importing and distributing illegal narcotics throughout the United States. TFO Ross has engaged in detailed conversations with individuals involved in the importation and distribution of narcotics in both an undercover capacity and during post-arrest interviews and debriefs. As a result, TFO Ross is familiar with the tactics used by these organizations and individuals to conceal narcotics and/or proceeds from the sales of narcotics from law enforcement. Currently, TFO Ross is assigned to the United States Postal Inspection Service, Narcotics Enforcement and Criminal Investigations (NECI) Task Force at the Sacramento Domicile of the San Francisco Division. Task Force duties involve the investigation of the unlawful transportation of contraband, including controlled substances and drug proceeds, through the United States Mail.

18.     In February 2019, TFO Ross was assigned Drogo. Drogo is Weimaraner mixed breed dog selected from a canine rescue organization based in San Diego, California. Drogo originated in Mexico and his age is estimated to be between eighteen months and two years. Drogo is a "single purpose" working canine, trained in the area of narcotic detection under the instruction of Retired Deputy Sheriff John Riboni of the Los Angeles County Sheriff's Department. Drogo was selected by Mr. Riboni. Mr. Riboni has over 35 years of experience with Police K9s, is a Post K9 Certifier, and was formerly a judge with the Western States Police Canine Association. Drogo and TFO Ross have over 250 hours of specialized training from Mr. Riboni in the detection of marijuana, cocaine, heroin, and methamphetamine. Drogo and TFO Ross were initially certified by Mr. Ron Goodpaster (retired) from the Roseville Police Department, on April 24, 2019 as being proficient in the detection of narcotic substances in high, low, and buried locations. Training is ongoing for Drogo and TFO Ross.

19.     Drogo's alert consists of physical and mental reactions, which include heightened emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from. Drogo has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers. Drogo also conducts regular proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including, but limited to, food, plastic bags and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert. Drogo has also been proofed using circulated and non-circulated U.S. currency. Drug proceeds that have been recently subjected to, or stored with, one of the narcotic substances Drogo is trained to detect will be grossly contaminated. This odor, in residual form (billionths of a

4

gram), is present on everyday circulated currency but not in the amount Drogo has been trained to detect.

20.    Drogo has previously alerted on United States Mail parcels. Drogo's alerts have cumulatively resulted in the seizure of over $300,000 dollars in U.S. Currency (drug proceeds).

21.    Therefore, it is the opinion of TFO Ross that based on Drogo's alert, **THE PARCEL** contain drugs, paraphernalia or currency that has been recently subjected or stored with one of the narcotics substances Drogo is training to detect and is thus contaminated.

**C.    Additional Investigation**

22.    On June 14, 2019, at approximately 11:10 a.m., law enforcement arrived at 7520 Skelton Way, Sacramento, CA 95822 in an attempt to make contact with the recipient of **THE PARCEL**, Preston Roy. A male adult answered the door and identified himself as Dave Roy. Dave Roy told law enforcement his son Anthony also lives at the address, but neither Dave nor Anthony get mail in other people's names. Dave Roy stated he only knows of a Preston Roy who resides in Los Angeles, CA. Law enforcement provided Dave Roy with a phone number to contact in case someone came looking for **THE PARCEL**.

23.    Law enforcement located a company in Houston, TX called Elite Janitorial Services, with a different address than the return address listed on **THE PARCEL**. On June 14, 2019, law enforcement attempted to contact Elite Janitorial Services via the number listed online for the company. Law enforcement left a message in regards to **THE PARCEL**.

24.    On June 18, 2019, law enforcement attempted to contact Elite Janitorial Services in Houston, TX. Law enforcement left another message in regards to **THE PARCEL**.

25.    At the time of this affidavit, law enforcement has not received any calls from the sender or intended recipient of **THE PARCEL**.

**D.    Methods and Means of Using the United States Mail**

26.    Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to

another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers use Express Mail and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

e. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

27.    Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

28.    Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

    a.    Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

    b.    Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

    c.    Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

    d.    United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

    e.    Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

    f.    Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

g.  Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

## Conclusion

29.  Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**.  Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** (as described in Attachment A), and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

Jessica Burger
United States Postal Inspector

Sworn and Subscribed to me on June 19, 2019:

Hon. Allison Claire
United States Magistrate Judge

Approved as to form:

Cameron L. Desmond
Assistant U.S. Attorney

8

## ATTACHMENT A

### Description of the Parcel to be Searched

One Priority Mail Parcel bearing tracking number 9505 5105 4603 9162 2908 31 measuring approximately 12" x 3.5" x 14" and weighing approximately 4 pounds 8.9 ounces. **THE PARCEL** is addressed to "Preston Roy, 7520 Skelton Way, SAC, CA 95822." The return address on **THE PARCEL** is "Elite Janitorial SVC, 5700 NW Central Dr. Ste 400, Houston, TX 77092." **THE PARCEL** bears a postage strip with meter number 4801860035-6 in the amount of $14.35 mailed from ZIP Code 77008 on 06/11/19 located in the upper right hand corner. **THE PARCEL** is currently in my possession in the Eastern District of California.

ATTACHMENT B

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a) (1), 843(b), and 846.

1.     Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2.     Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3.     Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4.     United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5.     Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6.     Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7.     Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| USPS Priority Mail Parcel 9505 5105 4603 9162 2908 31, addressed to "Preston Roy, 7520 Skelton Way, SAC, CA 95822" | ) ) ) ) | Case No.  2:19-SW 0654-___ AC |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the        Eastern        District of        California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

        **YOU ARE COMMANDED** to execute this warrant on or before        July 3, 2019        *(not to exceed 14 days)*
        ☑ in the daytime 6:00 a.m. to 10:00 p.m.        ☐ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
        ☐ for        days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of                        .

Date and time issued:        6/19/19 11:25 am                _____
                                                             *Judge's signature*

City and state:        Sacramento, California                Allison Claire, U.S. Magistrate Judge
                                                             *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name of any person(s) seized: |
|---|

| Certification |
|---|

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____
                  Signature of Judge                                              Date

## ATTACHMENT A

### Description of the Parcel to be Searched

One Priority Mail Parcel bearing tracking number 9505 5105 4603 9162 2908 31 measuring approximately 12" x 3.5" x 14" and weighing approximately 4 pounds 8.9 ounces. **THE PARCEL** is addressed to "Preston Roy, 7520 Skelton Way, SAC, CA 95822." The return address on **THE PARCEL** is "Elite Janitorial SVC, 5700 NW Central Dr. Ste 400, Houston, TX 77092." **THE PARCEL** bears a postage strip with meter number 4801860035-6 in the amount of $14.35 mailed from ZIP Code 77008 on 06/11/19 located in the upper right hand corner. **THE PARCEL** is currently in my possession in the Eastern District of California.

ATTACHMENT B

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a) (1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.